**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| RONEN ALLON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18cv613 (LMB/JFA) |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| | ) | |
| Serve: Corporation Service Company | ) | |
| 100 Shockoe Slip, 2nd Floor | ) | |
| Richmond, VA 23219 | ) | |
| | ) | |
| TRANS UNION, LLC, | ) | |
| | ) | |
| Serve: Corporation Service Company | ) | |
| 100 Shockoe Slip, 2nd Floor | ) | |
| Richmond, VA 23219 | ) | |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) | |
| | ) | |
| Serve: David N. Anthony, Registered Agent | ) | |
| Troutman Sanders LLP | ) | |
| 1001 Haxall Point | ) | |
| Richmond, VA 23219 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SECURITY NATIONAL MORTGAGE COMPANY | ) | |
| | ) | |
| Serve: Corporation Service Company | ) | |
| 100 Shockoe Slip, 2nd Floor | ) | |
| Richmond, VA 23219 | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

COMES NOW Plaintiff, Ronen Allon ("Plaintiff"), by counsel, and files this Complaint

against Defendants, Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans

Union"), Experian Information Solutions, Inc. ("Experian"), and Security National Mortgage Company ("SNMC" or collectively, "Defendants"). Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for statutory, actual, and punitive damages; costs; and attorney's fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.

2. The purpose of the FCRA is to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, *accuracy*, relevancy, and proper utilization of such information." 15 U.S.C. § 1681 (emphasis added). In furtherance of its underlying purposes, the FCRA sets out requirements and obligations that consumer reporting agencies, § 1681i, and their furnishers of information, § 1681s-2(b), must follow when consumers dispute the accuracy of the information reported in their credit reports.

3. In this case, SNMC, erroneously furnished inaccurate, derogatory information that was reported on Plaintiff's credit reports. After Plaintiff disputed the inaccurate information with Equifax, Trans Union and Experian, they failed to correct his credit report.

4. Accordingly, Plaintiff alleges claims against Equifax, Trans Union and Experian for failing to reasonably ensure the maximum possible accuracy of Plaintiff's credit reports in violation of the FCRA, 15 U.S.C. §1681e(b), and for failing to fulfill their reinvestigation duties in violation of the FCRA, 15 U.S.C. § 1681i.

5. Plaintiff also alleges claims against SNMC for failing to fully and properly investigate Plaintiff's disputes and to review all relevant information provided by the consumer reporting agencies in violation of the FCRA, 15 U.S.C. § 1681s-2(b)(1).

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 168l(p).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

8. Plaintiff is a natural person residing in Virginia and at all times relevant to the Complaint was a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. Equifax is a foreign limited liability company authorized to do business in Virginia.

10. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

11. Trans Union is a foreign limited liability company authorized to do business in Virginia.

12. Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

13. Experian is a foreign corporation authorized to do business in Virginia.

14. Experian is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing

information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

15. SNMC is a foreign corporation authorized to do business in Virginia through its registered offices in Richmond, Virginia. At all times relevant to this Complaint, SNMC was a furnisher governed by the FCRA.

## FACTS

16. In September 2016, Plaintiff purchased a property in Kansas City, KS and applied for a mortgage loan with SNMC.

17. Plaintiff set up automatic withdrawals for his monthly mortgage payments as SNMC instructed on its website in December 2016.

18. In January 2017, Plaintiff received a call from SNMC stating that he owed January's mortgage payment. Plaintiff immediately made payment to SNMC and sent up automatic withdrawals for the second time as SNMC instructed.

19. In February 2017, Plaintiff received another call from SNMC stating that it had not received that month's payment. SNMC told him there was a delay in setting up automatic withdrawals so he paid as instructed by SNMC.

20. In March 2017, Plaintiff again received another call from SNMC stating that it had not received that month's payment so Plaintiff made that month's payment. SNMC assured Plaintiff that it would automatically withdraw his April 2017 payment from his bank account and stated the delay was due to an internal error.

21. However, in April 2017 and May 2017, Plaintiff received calls from SNMC stating that it did not automatically withdraw his payment and he paid as instructed by SNMC. SNMC, once again, assured Plaintiff that it would fix the error in its payment processor.

22. Despite Plaintiff's compliance with SNMC's instructions, SNMC failed to promptly set up automatic withdrawals from Plaintiff's account.

23. Plaintiff later obtained a copy of his credit reports, after he was unable to obtain a mortgage because he learned his credit reports erroneously reflected that his SNMC mortgage account was past due for May 2017.

24. This information was incorrect because Plaintiff always followed SNMC's payment instructions and SNMC withdrew his May mortgage payment from his Wells Fargo bank account on May 15, 2017. Despite this, SNMC reported Plaintiff as past due.

25. On or around August 15, 2017, Plaintiff disputed SNMC's reporting to each of the credit bureaus. Plaintiff included his proof of payments to verify his representations.

26. Upon information and belief, Experian, Equifax, and Trans Union forwarded Plaintiff's disputes to SNMC.

27. SNMC failed to conduct a reasonable investigation of Plaintiff's dispute and continued to report the inaccurate payment information.

28. On or around September 19, 2017, Experian provided its Investigation Results to Plaintiff. Experian made no material changes to its reporting of the SNMC account.

29. On or around September 21, 2017, Equifax provided its Investigation Results to Plaintiff. Equifax "verified" its reporting and made no material changes to the SNMC account.

30. On or around September 21, 2017, Trans Union provided its Investigation Results to Plaintiff. Experian made no material changes to its reporting of the SNMC account.

31. On or around October 20, 2017, Plaintiff sent a second set of dispute letters to Trans Union, Equifax and Experian explaining that his account should not reflect a delinquent status

because he followed SNMC's payment instructions and paid the loan exactly as SNMC instructed. Plaintiff again enclosed proof of payments.

32. Experian, Equifax and Trans Union forwarded Plaintiff's disputes to SNMC.

33. SNMC failed to conduct a reasonable investigation of the Plaintiff's dispute and continued to report the inaccurate payment information.

34. After conducting their re-investigations, Experian, Equifax and Trans Union each continued to report the inaccurate and derogatory information, despite the clear documentation that Plaintiff provided.

35. On or around December 28, 2017, Plaintiff sent a third set of dispute letters to Experian, Equifax and Trans Union indicating that each credit bureau had failed to correct the inaccurate payment information regarding his SNMC account.

36. In response to Plaintiff's disputes, Equifax, Experian and Trans Union made no material changes to the SNMC account and continued to report the payment status inaccurately.

37. Because of the Defendants' conduct, Plaintiff suffered actual damages, including the inability to obtain a mortgage.

### *Defendants' Conduct was Willful.*

38. As a standard practice, Equifax, Experian, and Trans Union do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the furnisher despite numerous court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute.");

*Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

39. Upon information and belief and consistent with their standard policies and procedures, Equifax, Experian, and Trans Union automatically generated their "investigation" results once SNMC provided its response to Plaintiff's disputes, verifying the status of the accounts, and did not take any additional steps after this furnisher provided its responses to Plaintiff's disputes.

40. Instead, Equifax, Experian, and Trans Union blindly accepted SNMC's version of the facts and continued to report the inaccurate, derogatory information on Plaintiff's credit reports.

41. Equifax, Experian, and Trans Union continue the practice of parroting the response from the furnisher even though they have been repeatedly sued for failing to conduct a reasonable investigation as required by the FCRA.

42. Equifax, Experian, and Trans Union do not intend to modify their dispute-processing procedures because doing so would drastically increase their operating expenses.

43. Instead, Equifax, Experian, and Trans Union intentionally choose not to comply with the FCRA to lower their costs.

44. Therefore, at all times relevant to this Complaint, Equifax's, Experian's and Trans Union's conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA. By example only and without limitation, their conduct was willful because it ran a risk

of harm that was known, or so obvious it should have been known, by failing to implement any procedure to identify and correct these common errors prior to furnishing reports.

45. In addition, at all times pertinent to this Complaint, SNMC's processing of consumer reports was willful and carried out in reckless disregard for a consumer rights as set forth under the FCRA. By example only and without limitation, SNMC's conduct was willful because it was intentionally accomplished through intended procedures and as SNMC's efficiency in processing disputes is believed to be more important than making sure that the disputes are investigated thoroughly and accurately.

## COUNT ONE:
## VIOLATION OF FCRA, 15 U.S.C. § 1681e(b)
## (EQUIFAX, TRANS UNION AND EXPERIAN)

46. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

47. Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained.

48. Because of Equifax's, Experian's, and Trans Union's conduct, Plaintiff suffered actual damages, including without limitation: credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

49. Equifax's, Experian's, and Trans Union's conduct in violating § 1681e(b) was willful, rendering each liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian, and Trans Union were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

**COUNT TWO:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681i**
**(EQUIFAX, TRANS UNION AND EXPERIAN)**

50. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

51. Equifax, Experian and Trans Union violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate in violation of § 1681i(a)(1); (2) failing to provide SNMC with all the relevant information regarding Plaintiff's disputes in violation of § 1681i(a)(2); (3) failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4); and (4) failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A).

52. Because of Equifax's, Experian's, and Trans Union's violations of §1681i, Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

53. Equifax's, Experian's, and Trans Union's violations of § 1681i were willful, rendering each liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian, and Trans Union were negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

**COUNT THREE:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b)(1)(A)**
**(SNMC)**

54. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

9

55. On one or more occasion within the past two years, by example only and without limitation, SNMC violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

56. When Plaintiff disputed his SNMC account with the credit bureaus, SNMC used a dispute system named, "e-Oscar," which has been adopted by the consumer reporting agencies and their furnisher-customers such as SNMC. E-Oscar is an automated system, and the procedures used by the credit reporting agencies are systemic and uniform.

57. When the credit bureaus receive consumer disputes, they (usually via an outsourced vendor) translate each dispute into an automated consumer dispute verification ("ACDV") form.

58. Upon information and belief, the ACDV form is the method by which SNMC elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

59. Upon information and belief, Plaintiff alleges that the credit bureaus forwarded Plaintiff's dispute via an ACDV to SNMC.

60. SNMC understood the nature of Plaintiff's disputes when SNMC received the ACDV form.

61. Upon information and belief, when SNMC received the ACDV form containing Plaintiff's disputes, SNMC followed a standard and systemically unlawful process where SNMC only reviews its own internal computer screen for the account and repeats back the same information to the ACDV system that was previously reported to the credit reporting agency.

62. Upon information and belief, when SNMC receives a consumer dispute through e-Oscar, SNMC does not conduct a substantive review of any sort to determine whether the information already in its computer system is itself accurate.

63. Because of SNMC's violations of 15 U.S.C. § 1681s-2(b)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

64. SNMC's conduct in violating § 1681s-2(b)(1)(A) was willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, SNMC was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

65. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from SNMC in an amount to be determined pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT FOUR:
### VIOLATION OF FCRA, 15 U.S.C. § 1681s-2(b)(1)(B)
### (SNMC)

66. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

67. On one or more occasions within the past two years, by example only and without limitation, SNMC violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the credit bureaus.

68. As Plaintiff detailed in the previous Count, SNMC has elected to use the e-Oscar system for its FCRA disputes received through the consumer reporting agencies.

69. SNMC was aware of the meaning of the several dispute codes used by the consumer reporting agencies in e-Oscar.

70. SNMC does not contend that the ACDV system is an inadequate means to receive FCRA disputes through the consumer reporting agencies.

71. SNMC understood Plaintiff's disputes and that Plaintiff claimed the information regarding his account was inaccurate.

72. Because of SNMC's violations of 15 U.S.C. § 1681s-2(b)(1)(B), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

73. SNMC's violations of 15 U.S.C. § 1681s-2(b)(1)(B) was willful, rendering them liable for punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, SNMC was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

74. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from SNMC in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants; his attorney's fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems proper.

**TRIAL BY JURY IS DEMANDED.**

          Respectfully submitted,
          **RONEN ALLON**

          By: */s/ Kristi C. Kelly*
                  Counsel

Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
Casey S. Nash, VSB #84261
KELLY & CRANDALL, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Phone: 703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com
Email: casey@kellyandcrandall.com

*Counsel for Plaintiff*